

# In the Court of Criminal Appeals of Texas

No. PD-0936-20

JEREL CHINEDU IGBOJI,

*Appellant*

v.

THE STATE OF TEXAS

On State's Petition for Discretionary Review
From the Fourteenth Court of Appeals
Fort Bend County

YEARY, J., filed a dissenting opinion in which KELLER, P.J., and KEEL, J., join.

The Court remands this case to the court of appeals to continue to wrestle over whether the officer's conduct in this case was justified

under the Fourth Amendment. I am inclined to be more decisive. This appeal was first filed in the court of appeals in 2017—nearly five years ago![1] The court of appeals' majority opinion has already expressly acknowledged: (1) the existence of facts that demonstrate probable cause to believe that evidence relevant to the crime would be found on Appellant's phone; (2) the existence of facts showing that Appellant was aware that police considered him a suspect; and (3) the existence of facts demonstrating that Appellant had both the ability and incentive to destroy any incriminating evidence on the cell phone had he been able to retain it while a search warrant was being sought. We should simply acknowledge that those facts demonstrate that the seizure of the phone was reasonable under the Fourth Amendment, reverse the court of appeals' judgment, and affirm the judgment of the trial court. Because the Court does not, I respectfully dissent.[2]

---

[1] If the court of appeals takes another year to dispose of this case on remand, and then a second round of petitions for discretionary review ensues, this case could last up to seven years in appellate orbit.

[2] Because the Court nevertheless remands this case for further examination by the court of appeals, it may also be important to observe that Appellant's motion to suppress evidence was denied by the trial court. That being the case, the court of appeals was bound to uphold the trial court's decision to deny the motion to suppress on any basis supported by the facts and the law. *See State v. Castanedanieto*, 607 S.W.3d 315, 327 (Tex. Crim. App. 2020) ("The '*Calloway* rule' dictates that a claim of reversible error on direct appeal should be rejected if the trial court's ruling is correct 'on any theory of law applicable to the case' even if 'the trial court did not purport to rely on that theory' and the prevailing party did not explicitly raise the theory.") (quoting *State v. Esparza*, 413 S.W.3d 81, 85−86 (Tex. Crim. App. 2013)). But the court of appeals does not yet seem to have considered whether the trial court's decision to deny the motion to suppress might have been correct for other proper reasons.

**FILED:**                                        March 8, 2023
**PUBLISH**

---

For example, even assuming the officer's seizure of Appellant's cell phone was technically erroneous, did the seizure itself actually lead to the discovery of any evidence admitted against Appellant at his trial? *See Segura*, 468 U.S. at 815 ("The illegal entry into petitioners' apartment did not contribute in any way to discovery of the evidence seized under the warrant; it is clear, therefore, that not even the threshold 'but for' requirement was met in this case.") (majority opinion). And, even if it did, was any taint from that erroneous seizure attenuated by the fact that the contents of the phone were not searched until after a warrant was executed authorizing the search? *See Id*. at 814 (concluding that a "valid warrant search was a 'means sufficiently distinguishable' to purge the evidence of any 'taint' arising from the [unlawful] entry"). If, on remand, the court of appeals persists in concluding that the seizure of the cell phone in this case was unlawful, it ought to then consider such questions. My resolution of the case would obviate that need.